UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| JOSEPH BELKSIS,<br>          Plaintiff<br><br>v.<br><br>STATE OF MAINE BOARD OF CORRECTIONS, THE COUNTY OF SOMERSET, MAINE MED PRO ASSOCIATES, TERI THURLOW, THE UNITED STATES MARSHAL SERVICE, ET AL,<br>          Defendants | Docket No. 1:15-cv-00091-JAW |

**DEFENDANTS SOMERSET COUNTY, BARRY DELONG, STEPHEN GIGGEY, DAVID ALLEN, ELIGAH MUNN, CORY SWOPE, AND DALE LANCASTER'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW**

NOW COME Defendants Somerset County, Barry Delong, Stephen Giggey, David Allen, Eligah Munn, Cory Swope, and Dale Lancaster, by and through undersigned counsel, and hereby move this honorable Court pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Plaintiff's Complaint.

A.     Standard of Review

When reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the Plaintiff's stated theory of liability."  *Centro Medico Del Trabno v. Feliciano De Melecio*, 406 F.3d 1, 5 (1st Cir. 2005) (citation omitted).  The court does not have to consider bald assertions and unsupportable conclusions.  *Id.* at 5-6.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In

addition, the complaint must allege "a plausible entitlement to relief." *Id*. at 559.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and requires that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

B.     Plaintiff's Claim for Denial of Medical Care Fails to State a Claim Against The Somerset County Defendants.

Deliberate indifference to serious medical needs of prisoners can be the basis of a claim under the Eighth Amendment.[1]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).   Under the Eighth Amendment deliberate indifference means that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  This is a subjective test.  *Id.* at 837-839.  "Even if prison officials know of a substantial risk to inmate health or safety but fail to prevent the harm, they 'may be found free from liability if they respond

---

[1]Plaintiff's Complaint does not indicate whether he was a convicted inmate or pretrial detainee, but the Plaintiff references the Eighth Amendment.  Even if he was a pretrial detainee, the same standard would apply through the Fourteenth Amendment because the analysis under the Fourteenth Amendment is "at least as great as the Eighth Amendment protections available to a convicted prisoner."  *Calderon-Ortiz v. Laboy-Alvarado*, 300 F.3d 60, 64(1st Cir. 2002)(citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Burrell v. Hampshire County*, 307 F.3d 1, 7 (1st Cir. 2002).

reasonably to the risk.'" *Giroux v. Somerset County*, 178 F.3d 28, 32 (1999) (citing *Farmer*, 511 U.S. at 844). Deliberate indifference to serious medical needs of prisoners can be manifested by "prison guards . . . intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-105. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim" under the Eighth Amendment. *Id.* at 106. Medical malpractice is not a violation of the Eighth Amendment. *Id.*

In this case, the Plaintiff alleges that he was transferred to the Somerset County Jail on November 5, 2012, and was seen by a nurse employed by Med Pro within four hours. *Complaint*, p. 5, ¶¶ 13, 14; p. 15, ¶ 11. The nurse inspected his feet. *Complaint*, p. 5, ¶ 14. On November 8, 2012, the Plaintiff alleges he made an oral request to medical staff for the return of his diabetic shoes. The Plaintiff alleges that he made another request in writing for his diabetic shoes on December 6, 2012, and the physician assistant employed by Med Pro acknowledged receipt of this request and denied it. *Complaint*, p. 6, ¶¶ 17, 18; p. 16, ¶ 12. The Plaintiff alleges he was seen by another nurse employed by Med Pro the day after noticing blisters sprouting on his bottom outside toe. *Complaint*, p. 6, ¶¶ 20-21; p. 7, ¶ 22; p. 16, ¶ 14. The following day he was seen by the physician assistant who observed the ulcers. *Complaint*, pp. 6-7, ¶ 22; p. 8, ¶¶ 25-28; p. 16, ¶¶ 12, 14. He further alleges that he was taken to numerous outside medical appointments for treatment and continued to be seen by medical staff at the jail. Plaintiff has not alleged that he was denied medical care or that his access to medical care was delayed, only that the medical providers did not treat his condition properly. For this reason, this claim should be dismissed against the Somerset County Defendants.

3

C. <u>Plaintiff Fails to State a Claim for Relief against Defendants Stephen Giggey and Eligah Munn.</u>

Plaintiff's sole factual allegations against Defendants Eligah Munn and Stephen Giggey are that they transported the Plaintiff to some of his medical appointments and were:

> privy to the instructions given to the Plaintiff to address the reasons for the medical visit. To the extent each was a witness to the Plaintiff's presenting medical condition and the basis for the medical examinations and treatments, each was in a position to provide notice to supervisors or superiors at Somerset and each is a witness to these events.

*Complaint*, p. 12, ¶¶ 55-57. These allegations do not allow a reasonable inference that these officers are liable for any misconduct. Because these allegations are too meager to support a claim for relief, the claims against Defendants Eligah Munn and Stephen Giggey should be dismissed.

D. <u>Plaintiff Fails to State a Claim for Relief against Defendants Barry Delong, David Allen, Cory Swope, and Dale Lancaster.</u>

The Complaint contains no factual allegations relating to Defendants Barry Delong, David Allen, Cory Swope or Dale Lancaster, other than identifying them as defendants and explaining their role in creating and implementing policies regarding the delivery of medical services to inmates at the jail. *Complaint, p. 14, ¶¶ 4, 6; p. 15, ¶¶ 8, 9* The allegations concerning these Defendants' role in creating and implementing policies are conclusory, without any factual support. There is no suggestion anywhere in the Complaint that any of these Defendants personally participated in any way in the events which gave rise to the Complaint.

Even assuming that the Plaintiff means to assert claims against some of these defendants based on supervisory liability, "a supervisor may be found liable only on the basis of his own acts or omissions." *Febus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87, 91-92 (1st Cir. 1994) (citations

4

omitted). There also must be an "'affirmative link' between the supervisory official's acts or omissions and his subordinate's violations of the plaintiff's constitutional rights." *Id* at 92. There are no factual allegations concerning any acts or omissions taken by Barry Delong, David Allen, Cory Swope, or Dale Lancaster, nor has the Plaintiff pled any viable claims against any corrections officers that might have been under the supervision of these Defendants, *see supra Sections B and C* (discussing failure to state a claim based on denial of medical care claim and against corrections officers). Accordingly, there is no basis for Plaintiff's claims against Defendants Barry Delong, David Allen, Cory Swope, or Dale Lancaster.

D.  <u>Plaintiff Fails to State a Claim for Relief Against Somerset County</u>[2].

A county can be liable under 42 U.S.C. § 1983 only if there is an underlying constitutional violation resulting from an unconstitutional policy, custom, or practice. *Monnell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 690-691 (1978). In order to be liable for an unconstitutional custom or practice, that custom or practice must be "so well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." *Bordanaro v. McLeod*, 871 F.2d 1151, 156 (1st Cir. 1989). In addition, "a direct causal link [is required] between a municipal policy or custom and the alleged constitutional deprivation." *Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff's Complaint does not include any allegations that link the alleged conduct to an official policy or custom of the Somerset County Jail as required to establish municipal liability. The

---

[2]This argument also applies to claims against Defendants Barry Delong, Stephen Giggey, David Allen, Eligah Munn, Cory Swope, and Dale Lancaster in their official capacities because an official capacity claim is essentially the same as bringing a claim against Somerset County. *See Monnell v. Dept. of Soc. Servs. of New York,* 436 U.S. 658, 691 n.55 (1978) (stating that "official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *see also Brandon v. Holt*, 469 U.S. 464, 468-473 (1985).

Plaintiff's allegations principally concern actions allegedly done to him by MedPro Associates and their employees. Plaintiff's Complaint does not discuss any non-conclusory actions of policymakers of the Jail, nor does it allege that policymakers were aware of similar incidents. Because Plaintiff's Complaint does not present a plausible entitlement to relief against Somerset County, the Complaint should be dismissed against them.

## CONCLUSION

Defendants Somerset County, Barry Delong, Stephen Giggey, David Allen, Eligah Munn, Cory Swope, and Dale Lancaster respectfully request that the Court grant this Motion to Dismiss Plaintiff's Complaint.

Dated: May 26, 2015

/s/ Peter T. Marchesi
Peter T. Marchesi, Esq.


/s/ Cassandra S. Shaffer
Cassandra S. Shaffer, Esq.

Wheeler & Arey, P.A.
Attorneys for Defendants Somerset County, Barry Delong, Stephen Giggey, David Allen, Eligah Munn, Cory Swope, and Dale Lancaster
27 Temple Street, P.O. Box 376
Waterville, ME 04903-0376

UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| JOSEPH BELKSIS,<br>    Plaintiff<br><br>v.<br><br>STATE OF MAINE BOARD OF CORRECTIONS,<br>THE COUNTY OF SOMERSET, MAINE MED PRO<br>ASSOCIATES, TERI THURLOW, THE UNITED<br>STATES MARSHAL SERVICE, ET AL,<br>    Defendants | )<br>) Docket No. 1:15-cv-00091-JAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

  I, Peter T. Marchesi, Esq., attorney for the Somerset County Defendants, hereby certify that:

- Defendants Somerset County, Barry Delong, Stephen Giggey, David Allen, Eligah Munn, Cory Swope and Dale Lancaster's Motion to Dismiss

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

  Andrew Black, AAG  (*andrew.black@maine.gov*)

  Copies of the above documents have been provided to the Plaintiff via United States Mail, postage prepaid, at the following address:

  Joseph Belskis
  FMC Devens
  P.O. Box 879
  Ayer, MA 01432

Dated: May 26, 2015          /s/ Peter T. Marchesi
                 Peter T. Marchesi, Esq.
                 Attorney for Somerset County Defendants
                 Wheeler & Arey, P.A.
                 27 Temple Street, P.O. Box 376
                 Waterville, ME 04903-0376