UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH EDWARD BOVIN BELSKIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15-cv-00091-JAW |
| ) | |
| STATE OF MAINE BOARD OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO INCORPORATE SARAH LEPLANTE'S MEDICAL LICENSE (ECF NO. 124)**

In this action, Plaintiff Joseph Edward Bovin Belskis contends that Defendants violated his civil rights in connection with his pretrial detention at the Somerset County Jail pending the resolution of federal criminal charges. In particular, Plaintiff maintains Defendants' failure to address properly his serious medical condition constitutes a constitutional deprivation.

The matter is before the Court on Plaintiff's Motion to Incorporate Sarah LePlante's Medical License. (ECF No. 124.)[1] Construing Plaintiff's motion as a motion to amend his complaint, the Court denies the motion.

**BACKGROUND**

Plaintiff commenced this action with the filing of a complaint on March 6, 2015. (ECF No. 1.) Although Plaintiff referenced "defendant LaPlante" in his complaint (*id*. ¶ 18), he did not identify her in his caption, nor did he identify her as a defendant when he listed the medical staff at the Somerset County Jail. (*Id*. ¶¶ 11 – 17.) As reflected by the August 31, 2015, Recommended Decision in the case, Ms. LaPlante was never served with the complaint, and was not considered by the Court to be a

---

[1] In Defendants' opposition to the motion, Defendants identify "Sarah LePlante" as Sarah LaPlante-Leavitt. In this decision, the Court will refer to her as Sarah LaPlante or Ms. LaPlante.

party to the case. (ECF No. 53 at 1.) While Plaintiff has asked to include Ms. LaPlante in the case, he did not file a proposed amended complaint, nor has he otherwise alleged any facts in support of his claim against Ms. LaPlante.

In the Scheduling Order, the Court established February 22, 2016, as the deadline for the joinder of parties. (ECF No. 81.) The deadline was not extended. Discovery is scheduled to close on August 15, 2016, and the case is expected to be ready for trial in November. (ECF No. 140.)

## DISCUSSION

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). Because Plaintiff filed his motion on May 11, 2016, Plaintiff must first demonstrate good cause.

### A. Good Cause

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

Here, although Plaintiff was aware of Ms. LaPlante's involvement in his care when he filed the complaint, he did not seek to join her as a party until 14 months after he filed the complaint, and nearly 3 months after the joinder deadline passed. Plaintiff has offered no reasonable explanation for the delay in his attempt to assert a claim against Ms. LaPlante. If the Court permitted Plaintiff to assert a claim against Ms. LaPlante, Ms. LaPlante would be entitled to conduct discovery. The trial of the matter, therefore, would be delayed. In short, given that Plaintiff was aware of his potential claim against Ms. LaPlante when he filed this action, given that discovery would have to be extended resulting in a delay of the trial, and given the lack of explanation for Plaintiff's delay in asserting the claim, the record does not support the good cause finding necessary to permit the amendment at this stage of the proceedings.

### B. Futility of Amendment

Even if Plaintiff were to demonstrate good cause to file a late motion to amend, denial of the motion is appropriate if the Court determines that the proposed amendment would be futile. *Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009). Deliberate indifference is akin to criminal

recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). In this case, Plaintiff has not in any pleading asserted any facts that would support a claim of deliberate indifference against Ms. LaPlante. Indeed, the sole reference to Ms. LaPlante in Plaintiff's pleadings states only that she issued a written denial of Plaintiff's request for diabetic prescription shoes on December 7, 2012, on the same date that Defendants Ellis and Cates denied Plaintiff's request for diabetic footwear. (Complaint ¶ 18, ECF No. 1; Amended Complaint ¶ 17, ECF No. 59.) There is no suggestion in the complaint that Ms. LaPlante was ever involved in Plaintiff's medical care or that she had the authority to overrule the treatment or policy-related decisions of either Defendant Ellis (the PA attending to Plaintiff's osteomyelitis on that date) or Defendant Cates (allegedly the medical supervisor). Not insignificantly, Ms. LaPlante's title and authority are not set forth in Plaintiff's pleadings. In sum, the solitary allegation that Ms. LaPlante issued a written denial of Plaintiff's request for diabetic prescription shoes, contemporaneously with the denials issued by Defendants Cates and Ellis, could not reasonably support a claim of deliberate indifference. *Ocasio–Hernandez v. Fortuno–Burset,* 640 F.3d 1, 16 (1st Cir. 2011) ("Public officials may be held liable under § 1983 for a constitutional violation only if a plaintiff can establish that his or her constitutional injury 'resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'" (quoting *Rodríguez–García v. Miranda–Marín,* 610 F.3d 756, 768 (1st Cir. 2010))). Because Plaintiff has not asserted any facts to support a deliberate indifference claim against Ms. LaPlante, the grant of Plaintiff's motion to amend would be futile.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's Motion to Incorporate Sarah LePlante's Medical License. (ECF No. 124.)

NOTICE

Any objections to this Memorandum of Decision shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of July, 2016.