UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH EDWARD BOVIN BELSKIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15-cv-00091-JAW |
| ) | |
| STATE OF MAINE BOARD OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND**

This matter is before the Court on Plaintiff's Motion to Amend and Incorporate certain individuals or entities as parties to this action. (ECF No. 160.)[1] Through the motion, Plaintiff apparently seeks to join other medical personnel and entities in this action. The Court denies Plaintiff's motion.

**Discussion**

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

---

[1] Plaintiff identifies some of the individuals and entities in his original motion (ECF No. 160) and some in his reply in support of his motion. (ECF No. 168.)

of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings.  A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order.  To obtain an amendment of the scheduling order, a party must demonstrate good cause.  *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004).  "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)).  Ultimately, a court has discretion whether to grant a motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case.  *Id.*

Here, the deadline for the amendment of pleadings expired on February 22, 2016.  Plaintiff has offered no explanation for the significant delay in his request to join the additional parties.  Plaintiff thus has failed to demonstrate good cause to amend the complaint at this stage of the proceedings.

Furthermore, Plaintiff has not asserted any facts from which the Court could determine that Plaintiff has an actionable claim against any of the proposed parties.  When a plaintiff files a motion to amend in response to a motion to dismiss, the Court may deny the motion to amend, in

whole or in part, if the proposed amendment would be futile. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Id.* In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993). Because Plaintiff has failed to assert any facts that would support a claim against the proposed parties, on the current record, the amendment would be futile.

## Conclusion

Based on the foregoing analysis, the Court denies Plaintiff's motion to amend.

### NOTICE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of September, 2016.