UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOSEPH EDWARD BOVIN )
BELSKIS, )
 )
    Plaintiff, )
 )
    v. ) 1:15-cv-00091-JAW
 )
SOMERSET COUNTY, et al., )
 )
    Defendants. )

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

A former prison inmate whose toe was amputated because a County Jail and its employees refused to allow him to wear diabetic shoes has survived a motion for summary judgment against jail personnel who were aware of his medical condition and failed or refused, despite his requests, to provide him with proper footwear and against the jail itself, which adopted policies that prohibited him from wearing proper footwear while incarcerated.

**I.    STATEMENT OF FACTS**

    **A.    Procedural History**

On March 6, 2015, Joseph Edward Bovin Belskis filed a complaint in this Court against various federal, county, and individual actors, including a medical contracting business and several of its employees, alleging that they violated his civil rights while he was a federal prisoner housed at the Somerset County Jail. *Compl.*

(ECF No. 1).[1] Mr. Belskis began this legal action acting pro se; however, once he survived a motion to dismiss and motion for judgment on the pleadings and faced motions for summary judgment, the Court asked Attorney Jon Haddow to represent Mr. Belskis and on March 31, 2017, Attorney Haddow entered his appearance on Mr. Belskis' behalf. *Notice of Appearance* (ECF No. 253).

On November 21, 2016, the so-called County Defendants[2] filed a motion for summary judgment, *County Defs.' Mot. for Summ. J.* (ECF No. 215), together with a statement of uncontested material facts. *County Defs.' Statement of Uncontested Material Facts* (ECF No. 216). On March 2, 2017, the Magistrate Judge issued a recommended decision on the County Defendants' motion for summary judgment. *Recommended Decision on County Defs.' Mot. for Summ. J.* (ECF No. 240) (*Rec. Dec.*). On March 9, 2017, Mr. Belskis, acting pro se, objected to the Magistrate Judge's recommended decision. *Pl.'s Obj. to Recommended Decision* (ECF No. 241) (*Pl.'s Obj. to Rec. Dec.*). On March 13, 2017, Mr. Belskis, still acting pro se, filed a supplemental objection to the Magistrate Judge's recommended decision. *Pl.'s Suppl. Objection to County Recommended Decision* (ECF No. 249). On March 14, 2017, the County Defendants also filed an objection to the Magistrate Judge's Recommended Decision. *Somerset County Defs.' Partial Obj. to Recommended Decision on Mot. for Summ. J.* (ECF No. 246) (*County Obj. to Rec. Dec.*). On March 16, 2017, the County Defendants

---

[1] The complete procedural backdrop is complicated but not material to this Order. On September 27, 2016, the Court more fully described the background at least until that date. *See Order on Mot. to Dismiss and Mot. for J. on the Pleadings* at 2-3 (ECF No. 184).
[2] The County Defendants are either Somerset County itself or employees of Somerset County, including Barry Delong, Stephen Giggey, David Allen, Elijah Nunn, Cory Swope and Dale Lancaster. *See County Defs.' Mot. for Summ. J.* at 1 (ECF No. 215).

filed a response to Mr. Belskis' objection to the Magistrate Judge's Recommended Decision. *Somerset County Defs.' Resp. to Pl.'s Obj. to Recommended Decision* (ECF No. 248). After Attorney Haddow entered his appearance on behalf of Mr. Belskis, he filed a notice of consent to the Magistrate Judge's recommended decision. *Pl.'s Notice of Consent to Recommended Decision on County Defs.' Mot. for Summ. J.* (ECF No. 264). This left only one matter pending on the Magistrate Judge's recommended decision, the County Defendants' partial objection.

## I. THE RECOMMENDED DECISION

In his recommended decision, the Magistrate Judge recommended that this Court dismiss Mr. Belskis' Complaint against three of the Somerset County Defendants and deny the motion as regards the remaining Somerset County Defendants.[3] *Recommended Decision* at 22. The Magistrate Judge's recommended decision addresses the three issues that the Somerset County Defendants contended entitled them to summary judgment: (1) whether Mr. Belskis' claims were barred because he failed to exhaust administrative remedies, (2) whether the doctrine of qualified immunity protects them from liability, and (3) whether Mr. Belskis had

---

[3] The Magistrate Judge recommended that the Court dismiss Barry Delong, the Somerset County Sheriff from 1995 to 2014, Dale Lancaster, the Chief Deputy Sheriff of Somerset County from 2012 to 2014 and the Sheriff from 2014 to the present, and Steven Giggy, the Program Manager at Somerset County Jail from 2013 to 2014. *Recommended Decision* at 1, n.1, 22. Mr. Belskis has not objected to the Magistrate Judge's recommendation and, having reviewed the recommended decision, the Court agrees with it for the same reasons the Magistrate Judge discussed in the recommended decision.

The Magistrate Judge recommended that the Court deny the Somerset County Defendants' motion as to David Allen, Jail Administrator of the Somerset County Jail from 2012 to 2013, Elijah Munn, Corrections Officer at the Somerset County Jail from 2008 to the present, Corey Swope, Assistant Jail Administrator at the Somerset County Jail from 2007 to 2014 and the Jail Administrator from 2014 to the present, and Somerset County itself.

3

established that Somerset County had adopted a custom, policy or practice or that a decision made in a supervisory capacity, either of which led to the deprivation of a constitutional right. *Id.* at 1-2.

The Magistrate Judge rejected the motion for summary judgment based on an asserted failure to exhaust administrative remedies. *Id.* at 13-16. The record reflected that Mr. Belskis had gone through Level 1 and Level 2 grievances. *Id.* at 15. The County Defendants contended that he had failed to appeal to Level 3, the final level of administrative review. *Id.* The Court observed that an inmate is required to file a letter of appeal to the Department of Corrections only after receiving a response to the Level 2 grievance. *Id.* Mr. Belskis denied receiving a response to the Level 2 grievance and the Magistrate Judge concluded that his denial created a factual issue as to whether Level 3 "was available to Plaintiff." *Id.* at 16.

The Magistrate Judge next addressed the issue of qualified immunity. The Magistrate Judge recited the "deliberate indifference" objective and subjective standards as they apply to the provision of medical care to an inmate. *Id.* at 16-17. The Magistrate Judge concluded that the record failed to establish evidence that Defendants Delong, Lancaster, or Giggy, "individually or in a supervisory capacity, was involved in the care Plaintiff received at the Somerset County Jail." *Id.* at 20. Yet, the Magistrate Judge concluded that for the remaining Somerset County Defendants, "the same facts would raise a genuine issue whether a reasonable officer in their position would have appreciated that such acts or omissions violated clearly established law." *Id.*

4

The Magistrate Judge also discussed Mr. Belskis' official capacity claims against Somerset County. *Id.* at 21. Here, he concluded that the record "contains sufficient facts to support a claim based on a policy of the County." *Id.* More specifically, he wrote, "a factfinder could conclude Plaintiff was deprived of his diabetic shoes and thus denied the required care because of the County's contraband policy as applied to Plaintiff's diabetic shoes." *Id.* at 21-22.

## II. THE COUNTY'S OBJECTION

On March 14, 2017, the Somerset County Defendants filed a partial objection to the Magistrate Judge's recommended decision. *County Obj. to Rec. Dec.* at 1-6. The Somerset County Defendants obviously did not object to the recommended decision to the extent it recommended dismissal of Mr. Belskis' claims against some of them. *Id.* at 1 n.1. But they did object to the extent the Magistrate Judge recommended against summarily dismissing others from Mr. Belskis' case. *Id.* at 1-5. Nor did they object to the Magistrate Judge's recommendation about the failure to exhaust defense.

First, the individual Somerset County Defendants complain that the Magistrate Judge "failed to consider whether despite their knowledge [of Mr. Belskis' condition], these Defendants responded properly by providing Belskis with continued medical care, allowing him to wear Crocs, and having new diabetic shoes made for Belskis." *Id.* at 1-2.

Second, Somerset County argues that the Magistrate Judge's recommended decision to retain the County as a Defendant is erroneous because it "does not give

5

substantial deference to prison administrators' judgment concerning the validity of prison regulations under *Turner v. Safley*, 382 U.S. 78 (1987)." *Id.* at 4. The County maintains that Mr. Belskis failed to point to "any evidence disputing the validity of the contraband policy." *Id.* at 5.

## III. DISCUSSION

The brief answer to the objections of the Somerset County Defendants, both individuals and the County, is that their objections are grounded on disputed issues of material fact, which under the summary judgment standard must be viewed in the light most favorable to Mr. Belskis. The record confirms that Mr. Belskis repeatedly informed jail personnel of his diabetic condition and the risk that improper footwear imposed and he filed three grievances regarding his need for diabetic shoes. The Somerset County Defendants seem to concede that Mr. Belskis' diabetic condition met the standard for a "serious" medical condition, since the potential risk was amputation. *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Helling v. McKinney*, 509 U.S. 25, 35 (1993). In addition, the impending harm was arguably "easily preventable", *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 162 (1st Cir. 2006) (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)), simply by getting Mr. Belskis fitted with a new pair of proper footwear.

Even though it is possible—as the Somerset Defendants contend—that a factfinder could conclude that alternatives, such as Crocs and continued medical care, negate Mr. Belskis' allegation of deliberate indifference, it remains contested whether the individual Somerset County Defendants and Somerset County itself factually met

6

this standard. Against the possibility of a factual finding in the Somerset County Defendants' favor are (1) that Mr. Belskis' diabetic shoes were taken from him when he entered the Somerset County Jail on November 5, 2012, (2) that he made multiple and persistent efforts to obtain proper footwear, (3) that he was not provided with diabetic shoes until February 19, 2013, and (4) that he underwent an amputation the next month. A factfinder could readily resolve these factual issues against the Somerset County Defendants and conclude that the Somerset County Defendants were deliberately indifferent.

Although the Somerset County Defendants criticize the Magistrate Judge and Mr. Belskis for failing to point to a case "that would have put the Defendants on notice that their actions in providing medical care to Belskis violated a clearly established constitutional right," *County Obj. to Rec. Dec.* at 4, the Somerset County Defendants' objection is largely rhetorical because it fails to address what level of medical care Mr. Belskis actually received. Indeed, Mr. Belskis' case against the Somerset County Defendants is fact-intensive and it would be remarkable to find a case with a fact pattern precisely on point.

As regards the County's contention that it could not allow Mr. Belskis to have fitted footwear because metal eyelets and laces presented safety concerns, it begs the question why the County capitulated and allowed him to have diabetic shoes in February. In other words, if the diabetic shoes were truly a valid safety concern in November, 2012, when the County removed them, then why were they not a safety

concern in February, 2013, when the County supplied them? At the very least, this inherent contradiction generates factual issues that must be resolved by a factfinder.

IV. **CONCLUSION**

Having reviewed and considered the United States Magistrate Judge's recommended decision, the entire record, and the Somerset County Defendants' objections, the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's recommended decision, and the Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and in this Order. The Court determines that no further proceedings are necessary.

1. It is therefore <u>ORDERED</u> that the Recommended Decision (ECF No. 240) of the Magistrate Judge be and hereby is <u>AFFIRMED</u>.

2. Accordingly, it is hereby <u>ORDERED</u> that County Defendants' Motion for Summary Judgment (ECF No. 215) be and hereby is <u>DENIED</u> in part and <u>GRANTED</u> in part. The Court <u>GRANTS</u> the County Defendants' Motion for Summary Judgment as to Defendants Delong, Lancaster and Giggy; the Court otherwise <u>DENIES</u> the motion.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2017